# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Criminal Case No. 05-cr-00114-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. COREY L. DARTON,

    Defendant.

## ORDER DENYING MOTIONS FOR
## MODIFICATION OF SENTENCE

**Blackburn, J.**

The matters before me are (1) **Defendant Corey L. Darton's Request For Ruling Based on His Reply (and Second Supplement To His Motion For Sentencing Relief Under 18 U.S.C. § 3582(c)(2) Filed With This Court On July 10, 2008 [#62] with Exhibits [#63]** [#64][1] filed March 14, 2009; (2) defendant's pro se **Motion For Modification of an Imposed Term of Imprisonment Pursuant To 18 U.S.C. § 3582(C)(2)** [#47] filed March 24, 2008; (3) defendant's **Supplemental Motion For Sentencing Relief Pursuant To 18 U.S.C. § 3582(c)(2)** [#52] filed April 11, 2008; and (4) defendant's pro se **Petitioner's Supplemental Motion for Sentencing Relief Pursuant to 18 U.S.C. § 3582(c)(2)** [#61] filed July 8, 2008. I grant the request for

---

[1] "[#64]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

ruling, but deny the motions for modification.

Having reviewed and judicially noticed all relevant adjudicative facts in the file and record of this action as developed *pro tanto*; having considered the probation officer's **Addendum to the Presentence Report on Motion To Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)** dated May 23, 2008; and having considered the facts presented, reasons stated, arguments advanced, and authorities cited by the defendant and the government in their papers and during the hearing of June 25, 2008, I enter the following findings of fact, conclusions of law, and orders.

**FINDINGS AND CONCLUSIONS:**

Pursuant to the parties' plea agreement, the defendant entered a plea of guilty to Count Two of a two-count Indictment in which count he was charged with the drug-related felony offense of Possession With Intent To Distribute Cocaine Base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). At the February 10, 2006, sentencing hearing I approved the advisory sentencing guideline applications and calculations in the January 6, 2006, **Presentence Investigation Report** (PSR), which used the November, 2005 edition of the United States Sentencing Commission **Guidelines Manual**. Under those advisory guidelines the "Base Offense Level" was 26 pursuant to USSG §2D1.1(c)(7). *See* PSR at 5, ¶ 17. Pursuant to USSG §2D1.1(b)(1), the offense level was increased by two levels because a firearm was possessed. *See* PSR at 5, ¶ 18. The "Adjusted Offense Level (Subtotal)" was 28. *See* PSR at 5, ¶ 28. Pursuant to USSG §3E1.1(a) and (b), the offense level was decreased by three levels for acceptance of responsibility. *See* PSR at 5, ¶ 23. The resulting tentative "Total Offense Level" was 25.

*See* PSR at 5, ¶ 24.

However, pursuant to USSG §4B1.1(a), the defendant was characterized properly as a career offender, which by operation of law under the guidelines, increased the offense level to 29.[2] *See* PSR at 6, ¶ 25. Thus, the total adjusted advisory offense level became 29. *See* PSR at 6, ¶ 26.

The defendant's total criminal history points were 11, *see* PSR at 9, ¶ 39, which ordinarily would place the defendant in criminal history category of V. *See* USSG Sentencing Table. However, because the defendant was a career offender, his criminal history category became VI pursuant to USSG §4B1.1(b). *See* PSR at 9, ¶ 39.

A total adjusted advisory offense level of 29 combined with a criminal history category of VI produced an advisory range of imprisonment of 151 to 188 months.[3]

At sentencing I departed downward pursuant to the defendant's unopposed motion under USSG §4A1.3 and §5K2.0 and imposed a sentence to imprisonment of 96 months. The defendant did not appeal the sentence.

The defendant seeks relief under 18 U.S.C. § 3582(c), arguing that he is eligible for and entitled to a sentence reduction based on the retroactive modification of the United States Sentencing Guidelines through Amendment 706, which generally decreases by two offense levels the base offense level assigned to quantities of crack

---

[2] Pursuant to USSG §4B1.1(b)(C), the offense level became 32; however, with a three-level decrease for acceptance of responsibility, the offense level became 29. *See* PSR at 6, ¶ 25.

[3] But for the fact that the defendant was a career offender as defined under the guidelines, his offense level would have been 25 and his criminal history category would have been V, which would have resulted in a guideline range of imprisonment of 100-125 months.

3

cocaine under USSG §2D1.1.[4] This case presents the issue of whether the defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 706 when his base offense level is set under the §4B1.1 career offender guideline, and thereafter the sentencing court departs downward and imposes a sentence that is less than the advisory range for a career offender. As a matter of law, I conclude and hold for the reasons stated and the ratiocination presented by the court in *U.S. v. Sharkey*, 543 F.3d 1236, 1238-39 (10th Cir. 2008) that the defendant is not eligible for a sentence modification in those circumstances. The amendment was clearly intended to provide relief in appropriate cases to defendants who were adversely impacted by the disparate treatment under the guidelines between powder and crack cocaine. Because the defendant's guideline calculations were based on his status as a career offender, he did not suffer the imparity sought to be ameliorated, at least in part, by amendment 706.

Furthermore and alternatively, assuming *arguendo*, that the defendant was eligible for relief under 18 U.S.C. § 3562(c)(2) and Amendment 706, I would not exercise my discretion to reduce his sentence of 96 months. Using the government's guideline applications and calculations as presented in its initial response, *see* Gov. Response at 2, ¶¶ 2-4, an amended advisory sentencing range should not be less than 87 months. However, after considering and applying the relevant factors enumerated in 18 U.S.C. § 3553(a) and the nature and seriousness of the danger that would be posed by a reduction in defendant's term of imprisonment as presented in the May 23, 2008,

---

[4] Amendment 706 took effect November 1, 2007, and was made retroactive to March 3, 2008. See USSG. App'x C Supplement, Amendment 706 (Nov. 1, 2007) (regarding 2-level reduction); USSG. App'x C Supplement, Amendment 713 (Mar. 3, 2008) (regarding retroactivity).

addendum to the PSR, *see* Addendum at A-2, I find and conclude that a reduction below 96 months is not warranted.[5]

**ORDERS:**

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendant Corey L. Darton's Request For Ruling Based on His Reply (and Second Supplement To His Motion For Sentencing Relief Under 18 U.S.C. § 3582(c)(2) Filed With This Court On July 10, 2008 [#62] with Exhibits [#63] [#64]**, filed March 14, 2009, is **GRANTED**;

2. That defendant's pro se **Motion For Modification of an Imposed Term of Imprisonment Pursuant To 18 U.S.C. § 3582(C)(2)** [#47] filed March 24, 2008, is **DENIED**;

3. That defendant's **Supplemental Motion For Sentencing Relief Pursuant To 18 U.S.C. § 3582(c)(2)** [#52] filed April 11, 2008, is **DENIED**; and

4. That defendant's pro se **Petitioner's Supplemental Motion for Sentencing Relief Pursuant to 18 U.S.C. § 3582(c)(2)** [#61] filed July 8, 2008, is **DENIED**.

Dated March 17, 2009, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge

---

[5] In this alternative analysis, I have proceeded as required by 18 U.S.C. § 3562(c)(2), Amendment 706, and USSG §1B1.10(b)(1) and (2), including Application Notes 1(A) and 1(B)(i), (ii), and (iii).